## A. M. ARMSWORTHY V. THE STATE.

### No. 3265. Decided April 25, 1906.

**Murder in Second Degree—Mutual Combat—Charge of Court—Provoking Difficulty.**

Upon a trial for murder where the evidence showed that there was nothing said by defendant indicative of the fact that he was getting a gun for the purpose of engaging in a mutual combat, the mere fact that deceased followed appellant, who returned with a gun and shot him, would not authorize a charge upon mutual combat.

Appeal from the District Court of Bowie. Tried below before Hon. T. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The facts of this case are stated in the opinion of the court on former appeal, see 13 Texas Ct. Rep., 697.

*Mahaffey & Thomas,* for appellant.—On question of mutual combat and provoking difficulty: Morgan v. State, 34 Texas Crim. Rep., 226; White v. State, 42 id., 571; Winters v. State, 37 id., 582; Airhart v. State, 40 id., 475; Rea v. State, 10 Texas Ct. Rep., 586; Clay v. State, 44 Texas Crim. Rep., 135; Walden v. State, 34 Texas Crim. Rep., 92.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of five years. This is the second appeal. See 13 Texas Ct. Rep., 697.

Appellant complains of the court's charge on mutual combat, as follows: "On the law of self-defense, I charge you, as follows: If you believe from the evidence that the defendant and E. G. James had a difficulty, and that the defendant retired from or left the place of the difficulty, and went to the house or residence of Dr. Bentley, and that after reaching said residence the defendant was in a place of safety and was in no danger of suffering any injury at the hands of said E. G. James, or at the hands of Charley James, or any one else with the said E. G. James, and that the said E. G. James continued to remain at or near the place of said difficulty, and was cursing and swearing, or using loud and vociferous language and that the defendant heard the same while in the house of said Bentley, and that the defendant armed himself with a double-barrel shotgun at the said residence, and went back near to where said James was, and that he armed himself with said gun and went near to where said James was for the purpose and with the intention to engage in a mutual

combat with the said E. G. James, and with the intention of the defendant to use said gun in said combat, and with the intention to shoot and kill said James with said gun in said combat, and in pursuance of said purpose and intention did engage in a mutual combat with said James and did use said gun in said combat and did shoot and kill said James with said gun in said combat, then under these circumstances, I charge you that the defendant would lose the right of self-defense, and could not claim that he killed said James in self-defense, but he would be guilty either of murder in the second degree or manslaughter, as you may find from all the evidence in the case, keeping in mind for your guidance in determining the degree of homicide, the instructions herein defining and explaining the offense of murder in the second degree and the law appertaining thereto, and also the instructions herein defining and explaining the offense of manslaughter and the law appertaining thereto."

As we read this record, the evidence is the same as on the former appeal, and we do not deem it necessary to set it out in detail, but refer to the opinion on the former appeal. We do not think the evidence suggests the issue of provoking the difficulty or of mutual combat, under the decisions of this court. There was nothing said by defendant indicative of the fact that he was getting the gun for the purpose of engaging in a mutual combat, and the mere fact that deceased followed appellant up the road, and appellant went to a house and subsequently returned with a gun and shot him, would not make a case of mutual combat.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*